MEMORANDUM **
Michael Gushwa appeals the district court’s denial of his suppression motion, *448 after which he entered a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Gushwa, a passenger in a car that police lawfully stopped, lied when officers asked for his name. The officers knew he was lying, and after further questioning found that he had an outstanding warrant. A pat-down search revealed a handgun.
Gushwa argues that during a traffic stop, a police officer may not ask a passenger his name where the officer lacks reasonable suspicion or probable cause to question the passenger. However, “even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual [and] ask to examine the individual’s identification.” Muehler v. Mena, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005) (quoting Florida v. Bostick, 501 U.S. 429, 434-35, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)) (internal alteration omitted). This standard applies in traffic stops. United States v. Mendez, 476 F.3d 1077, 1080 (9th Cir.2007) (Muehler*s “reasoning is equally applicable in the traffic stop context”). Thus, no “independent reasonable suspicion” was required for the police officer to ask Gushwa for identification. Muehler, 544 U.S. at 101, 125 S.Ct. 1465; see also Mendez, 476 F.3d at 1080-81 (holding that, under Muehler, “expanded questioning [during a traffic stop] need not have been supported by separate reasonable suspicion”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *448 ed by 9th Cir. R. 36-3.